| DISTRICT | OFF. | DOCKET NO. YR. NUMBER | OR | FILING DATE MO. DAY YR. | J | NATURE SUIT | DIV. PTF DEF | R | S DEMAND THOUSANDS | JUDGE | MAG. | COUNTY | JURY DEM. | DOCKET YR. NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1127 | 2 | 87T 1255 N | 1 | 03 06 87 | 3 | 441 | 1 | | | 2706 | 27BC | 01115 | | 87T 1255 N |

**CAUSE:**

| PLAINTIFFS | | DEFENDANTS |
|---|---|---|
| JOHN DILLARD; DAMASCUS CRITTENDEN, JR.; EARWEN FERRELL; CLARENCE J. JARRELLS; ULLYSSES MC BRIDE; and LOUIS HALL, JR. | v | TOWN OF MARGARET |

**CAUSE**
**(CITE THE U.S. CIVIL STATUTE UNDER WHICH THE CASE IS FILED AND WRITE A BRIEF STATEMENT OF CAUSE)**

42 USC §§ 1973 and 1983; Alleged violation of Section 2 of Voting Rights Act thru use of at-large election system.

THOMPSON
COODY

**ATTORNEYS**

James U. Blacksher
~~465 Dauphin Street~~
~~Mobile, AL 36602~~
~~433-2000~~

5th Fl., Title Bldg.
300 21st St. N.
Birmingham, AL 35203

~~Larry Menefee~~
~~5th Floor, Title Bldg.~~
~~300 21st Street, N.~~
~~Birmingham, AL 35203~~
~~322-7300/7313~~

Edward Still
REEVES & STILL
714 South 29th Street
Birmingham, AL 35233-2810
322-6631

Julius L. Chambers
~~Lani Guinier~~   Scherlyn Ifill
~~Pamela Karlan~~
NAACP Legal Defense Fund
99 Hudson Street
16th Floor
New York, NY 10013 [212 219-]

ISSUES ON CURRENT
DISTRICTING PLAN
& OTHER RELATED
MATTERS REFERRED TO
MAGISTRATE JUDGE
COODY.

5-11-92

~~Don Siegelman~~ Jimmy Evans
Alabama Attorney General

~~Susan Russ~~ Mort P. Ames
Assistant Attorney General
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
261-7406

~~David Boyd~~
~~BALCH & BINGHAM~~
~~P. O. Box 78~~
~~Montgomery, AL 36101~~
~~834-6500~~

William J. Trussell
CHURCH, TRUSSELL & ROBINSON
~~509-1904 Cogswell Ave~~  1916 First Ave., N.
Pell City, AL  35125
338-~~2295~~ 7273

| X CHECK HERE IF CASE WAS FILED IN FORMA PAUPERIS | DATE | | | | C.D. NUMBER | STATISTICAL CARDS | |
|---|---|---|---|---|---|---|---|
| | | | | | | CARD | DATE MAILED |
| | | | | | | JS-5 | 12/5/87  3/5/92 |
| | | | | | | JS-6 | 7/5/88 |
| | | | | | | | 10/5/92 |

UNITED STATES DISTRICT COURT DOCKET

DC-111 (Rev: 1/87)

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| | | THIS CASE IS A DERIVATIVE OF 85-T-1332-N, JOHN DILLARD; et al. v. CRENSHAW COUNTY, ALABAMA, etc., et al. FOR THE PURPOSE OF ORDERS THAT RELATE TO THIS CASE PRIOR TO 8/13/87 SEE DILLARD CASE FILE AND DOCKET SHEET. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET   (Atty William J. Trussell)

| PLAINTIFF | DEFENDANT | 87-T-1255-N |
|---|---|---|
| JOHN DILLARD; et al. | CRENSHAW COUNTY, ALABAMA, etc., et al. | DOCKET NO. 85-T-1332-N- |
| | RE: **TOWN OF MARGARET** | PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Aug. 13 | | Town of Margaret's selection of defendant subclass Option B. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |
| Sep. 14 | | ORDER as follows: (1) not later than **10/16/87** jurisdictions which are members of subclass B or subclass C and which have not prior to the date of this order submitted appropriate settlement documents to the court, shall comply with (a) or (b) as set out in this order; (2) by **11/6/87** the plaintiff class shall file **responses** to the proposed remedies filed by subclass B and C jurisdictions pursuant to paragraph 1(b). If the plaintiff class does not agree to the remedy proposed by a jurisdiction, they shall file their own proposed remedy, following the guidelines set out in paragraph 1(b); (3) trials for remedy questions will be scheduled at a later date. However, all jurisdictions which do not reach agreement with the plaintiff class on a remedy should be prepared to commence trial not later than 11/16/87; and (4) the Attorney General of the State of Alabama is DIRECTED to mail a copy of this order to all jurisdictions which are members of subclass B and C. (Copies mailed to counsel; furnished Magistrate Carroll.) EOD 9/14/87. |
| Oct. 20 | | ORDER and JUDGMENT **appointing Hon. Charles S. Coody**, U. S. Magistrate, Middle Distirct of Alabama, **additional special master** with same authorities and duties already given special master Carroll; DIRECTING counsel for Attorney General of the State of Alabama to mail copy of this order to all members of Subclasses B and C or their attorneys. (Copies mailed to counsel.) EOD 10/21/87. |
| | 30 | ORDER, subject to court's later consideration of any objections (1) **decertifying subclasses B and C** as members of defendant class action; directing clerk to assign separate civil action numbers to proceedings with respect to each jurisdiction in subclasses B and C; (2) directing that decertified proceedings shall continue as a class action as previously certified with respect to plaintiffs; (3) **consolidating** the separate actions with respect to the former members of subclasses B & C for purposes of carrying out the procedures precribed by interim consent decree; directing that the Attorney General shall continue to serve as lead counsel for defendants and David Boyd shall continue to serve as liaison counsel for defendants; directing that procedures in paras. 9-20 of interim consent decree shall continue in force and effect for the consolicated actions; (4) directing that all prior orders in this action not inconsistent with this order shall remain in full force and effect; (5) directing that the Attorney General shall promptly furnish a copy of this order to all jurisdictions of subclass B or subclass C; directing that any **objections** to procedural changes ordered herein must be filed, detailed written statement, with the clerk not later than **11/13/87**; hearing to be set by court on objections which warrant such a proceeding; (6) directing that unless the court receives some objection, this order shall take effect on **11/18/87** and no further order will be entered; directing that if no further order is entered before 11/18/87, the parties should assume that the court received no objections. (Copies mailed to counsel.) (Cy furnished Magistrates Carroll and Coody.) EOD 10/30/87. |
| Nov. 2 | | Town of Margaret's proposed election plan. Referred to Judge Thompson. (Cy furnished Magistrate Carroll.) |

OPTION B

| DC 111A (Rev. 1/75) | | CIVIL DOCKET CONTINUATION SHEET | (Atty William Trussell) |
|---|---|---|---|
| PLAINTIFF JOHN DILLARD, et al. | | DEFENDANT CRENSHAW COUNTY, ALABAMA, etc., et al. RE: TOWN OF MARGARET | DOCKET NO. 85-T-1332-N [struck through] 87-T-1255-N PAGE ___ OF ___ PAGES |

| DATE 1987 | NR. | PROCEEDINGS |
|---|---|---|
| Nov. 10 | | Plaintiffs' submission of remedy proposals. Referred to Judge Thompson. Copies furnished Magistrates Carroll and Coody. |
| 18 | | Town of Margaret's proposed election plan. Referred to Judge Thompson. Copy furnished Magistrate Carroll. |
| 18 | | Affidavits of plaintiffs John Dillard, Damascus Crittenden, Jr., Earwan Ferrell, Jr., Clarence J. Jairrels, Dr. Ullysses McBride and Louis Hall, Jr. (in support of IFP status for consolidated cases 87-T-1150-N thru 87-T-1316-N.) |
| 18 | | ORDER that the plaintiffs are allowed to proceed in forma pauperis and without prepayment of filing fees in these cases (87-T-1150-N thru 87-T-1316-N), the court being of the opinion from the affidavits filed by the plaintiffs that they cannot afford the filing fees in these consolidated cases in the amount of $20,520.00. (Copies mailed to counsel.) (Copies furnished Magistrates Carroll and Coody.) EOD 11/18/87. |
| **1988** | | |
| Jan. 26 | | Magistrate Carroll's ORDER FOR CERTAIN SUBCLASS B JURISDICTIONS that Subclass B jurisdictions which have agreed upon a remedy, but have not submitted settlement documents shall, by **2/12/88**, file with the court either (1) an appropriate package of settlement documents; or (2) a detailed explanation of the reason for the jurisdiction's inability to submit settlement documents by that date; that all Subclass B jurisdictions which have not reached a settlement, and which are not already set for a remedy hearing, shall, by **2/12/88**, file with the court a statement advising the court of the jurisdiction's case status so that the court may schedule remedy hearings where appropriate; that, at or before the time of any hearing to ascertain fairness of proposed settlement agreement, the jurisdiction shall file with the court or the Attorney General evidence (affidvit of publication) that notice to class has been published in accordance with the court's order requiring same and a copy of the letter from the Attorney General of the United States granting preclearance of the proposed remedy under Section 5 of the Voting Rights Act of 1965, 42 USC 1973. (Copies mailed to counsel.) |
| Mar. 22 | | Parties' joint motion for notice and approval of proposed compromise and settlement. (Proposed first order tentatively approving compromise and requiring notice to the class, proposed notice to class, proposed finding and recommendation of the Magistrate, proposed final order approving settlement and proposed consent decree, with exhibits, attached.) Referred to Magistrate Carroll and Judge Thompson |
| 28 | | FIRST ORDER TENTATIVELY APPROVING COMPROMISE AND REQUIRING NOTICE TO THE CLASS directing the defendant to cause the notice attached to this order to be published in The St. Clair News Aegis once a week for 3 successive weeks prior to |

CONT'd NEXT PAGE

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1255-N |
|---|---|---|
| JOHN DILLARD; et al. | TOWN OF MARGARET | PAGE 4 OF ___ PAGES |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| Mar. 28 | | **FIRST ORDER (Cont'd)** directing that maps of the districts shall be displayed in the City Hall during normal business hours; ordering that copies of the attached notice be provided by the defendant to representatives of all local media and to any black community organizations who may request a copy thereof; DIRECTING the Magistrate to conduct a hearing for considering any objections by members of the plaintiff class to the proposed compromise and settlement. The **hearing** shall be held in the federal courthouse, Montgomery, Alabama, on **5/6/88** at 1:00 p.m. (Notice attached requires objections to be filed by 5/3/88.) (Copies mailed to counsel.) EOD 3/29/88. |
| Apr. 22 | | Plaintiffs' motion for award of attorneys fees and expenses from members of subclasses B and C. Referred to Judge Thompson. |
| 22 | | Plaintiffs' motion to schedule plaintiffs' claim for fees and expenses. Referred. |
| 28 | | ORDER [CA Nos. 87-T-1150-N thru 87-T-1316-N, <u>all</u> Subclass B and C defendants-- except Baldwin County Board of Education and City of Lisman] as follows: 1. Liaison counsel shall receive all pleading, file all responses, and conduct all proceedings on behalf of the defendant jurisdictions relative to plaintiffs' motion for fees. 2. By **5/16/88** liaison shall provide all defendant jurisdictions with a summary of plaintiffs motion for fees and a copy of this order and shall notify those jurisdictions of their right to object to the motion for fees and shall provide the defendants with a general outline of a plan to apportion among the defendants the fees, etc., awarded to plaintiffs. 3. Any defendant jurisiction which wishes to object to plaintiffs' motion for fees shall by 5/30/88 provide liaison counsel with a statement of its objection. 4. On or before **6/10/88** liaison counsel shall file with the court any objections, along with evidentiary materials supporting such objections, etc. 5. By **6/24/88** plaintiffs shall file their brief in support of their motion for fees. 6. By **7/1/88** liaison counsel shall file on behalf of the defendant jurisdictions any reply brief. 7. A **hearing** on the plaintiffs motion for fees will be conducted on **7/8/88** at 10 a.m.; defendant jurisdictions to be represented by liaison counsel. 8. By **6/10/88** liaison counsel shall also file with the court a final proposal for apportionment among the defendant jurisdictions of the fees, etc., to be awarded by the court; copy to be sent to each jurisdiction; defendants which object to apportionment system shall advise liaison counsel by 6/24/88; liaison counsel shall advise the court of any such objections by 7/1/88; any objections to be considered at the 7/8/88 hearing. (Copies mailed to counsel.) EOD 4/29/88. |
| May 6 | | **Hearing** - proposed settlement (Magistrate Coody). |
| 6 | | Courtroom Deputy's minutes of 5/6/88 hearing; witness list attached. |
| 12 | | Defendant's proof of publication. Referred to Magistrate Coody. |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET   (Atty William J. Trussell)

| PLAINTIFF | DEFENDANT | |
|---|---|---|
| JOHN DILLARD, ET AL | TOWN OF MARGARET | DOCKET NO. 87-T-11255-N |
| | | PAGE ___ OF ___ PAGES |

| DATE 1988 | NR. | PROCEEDINGS |
|---|---|---|
| May 17 | | ORDER REGARDING ATTORNEY FEES AND EXPENSES (1) DIRECTING clerk to set up a single separate file and docket sheet for the issues of attorney fees and expenses; (2) directing that all pleadings and orders regarding the issues of attorney fees, etc., are to be filed in separate file; (3) directing that separate file is incorporated in, and made a part of, each and every file for civil action nos. 85-T-1332-N and 87-T-1150-N thru 87-T-1316-N; (4) directing that Clerk need serve copies of this order and all future orders regarding attorney fees, etc., on only counsel for plaintiffs, counsel for Alabama Attorney General, and liaison counsel; and (5) directing that counsel need file only one copy of pleadings with the court. (Copies mailed to counsel.) EOD 5/17/88. |
| 27 | | Received cy of U. S. Department of Justice's ltr to defendant re preclearance. Referred to Magistrate Coody. |
| Jun 7 | | Magistrate Coody's FINDING AND RECOMMENDATION that the Court give immediate final approval of the proposed consent decree. (Copies mailed to counsel.) EOD 6/7/88. |
| 7 | | FINAL ORDER APPROVING SETTLEMENT (1) approving and adopting the recommendation of the Magistrate; and (2) approving finally the proposed consent decree previously submitted by parties. (Copies mailed to counsel.) EOD 6/7/88. |
| 7 | C | CONSENT DECREE that defendant, its agents, etc., are **ENJOINED** from conducting elections for the town council under the present at-large election system, and are FURTHER **ENJOINED** as follows: (1) The town council shall consist of 5 members elected from 5 single member districts; maps and description are attached; members so elected shall continue to have 4 year terms. (2) Elections shall be conducted at regularly scheduled elections in the summer of 1988. (3) Pursuant to Alabama Act No. 87-191, defendant shall adopt an ordinance to enact the single-member district plan; finally approved court ordered plan shall remain in effect only until such ordinance is adopted. (5) Defendant will adopt a plan to assign voters to single-member districts not later than 6 months prior to scheduled election and shall be implemented and completed not later than 3 months prior to election. (6) Plaintiffs are prevailing parties for the purpose of attorneys' fees, etc.; if not resolved by parties the court will, upon proper motion by any party, set the issue for hearing. (Copies mailed to counsel without attachments.) EOD 6/7/88. |
| Sep 1 | | Plaintiffs' notice of attorneys' withdrawal (Menefee and Guinier) and substitution (Ifill substituted for Karlan). |
| **1992** | | |
| Jan. 27 | | Plaintiffs' **motion** for additional relief with respect to redistricting and the 1992 elections. Referred to Judge Thompson. |
| Feb 6 | | **ORDER** that defendant jurisdictions show cause in writing, if any, as to why motion for additional relief, filed by plaintiffs on 1-27-92, should not be granted. (Copies mailed to counsel.) EOD: 2-7-92 |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET (Atty. William J. Trussell)

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1255-N |
|---|---|---|
| JOHN DILLARD, et al. | TOWN OF MARGARET | PAGE 6 OF ___ PAGES |

| DATE 1992 | NR. | PROCEEDINGS |
|---|---|---|
| Feb. 21 | | Defendant's **response** to show cause order. Referred to Judge Thompson. (Exhibits attached.) |
| *Feb. 26 | | Plaintiffs' **motion** to join attorney general as defendant. Referred to Judge Thompson. |
| Mar. 2 | | **ORDER** that the State Attorney General show cause, if any, in writing within ten days as to why said motion to join Attorney General of Alabama as an additional defendant should not be granted. |
| *Feb. 24 | | **ORDER** that David R. Boyd is removed as liaison counsel for defendant subclasses B and C; further **ORDERED** that Mort P. Ames, Deputy State Attorney General is appointed liaison counsel for defendant subclasses B and C; further **ORDERED** that no later than 03/06/92 plaintiffs and liaison counsel (1) shall meet with each other to develop procedures as to how the court should proceed in light of responses from defendant subclasses B and C, and (2) shall submit such procedures to the court. |
| Mar. 12 | | Attorney General James H. Evans' **response** in opposition to plaintiffs' motion to join. Referred to Judge Thompson. |
| 20 | | **Proposal** of plaintiffs and liaison counsel. Referred to Judge Thompson. |
| Apr 9 | | ORDER adopting the following Status Groups of cases: J - Jurisdiction claims no need to redistrict but has not provided sufficient data to pltfs or court; K - Jurisdiction claims no need to redistrict; has provided data on plan to pltfs; pltfs are reviewing plan; L - Jurisdiction admits need to redistrict, but has not provided sufficient data to pltfs or court; M - Jurisdiction admits need to redistrict; data provided; pltfs are reviewing plan; N - Jurisdiction says that it is checking data to see if it needs to redistrict; O - Jurisdiction has made no response to Court's order of 2-2-92; P - Jurisdiction's plan has been precleared by U. S. Dept. of Justice and pltfs have no objections; Q - Jurisdiction has made some other response; R - Pltfs have agreed to jurisdiction's plan; S - Pltfs object to jurisdiction's plan; T - Jurisdictions which contend the court should not be exercising jurisdiction over them, or which have reserved consideration of the jurisdictional issue; U - Jurisdictions which were already involved in the redistricting process prior to filing of motion for additional relief; further that any jurisdiction disputing its placement in its Status Group as set out in order should consult with pltfs' counsel first to resolve the matter; that all county commissions and school boards present a plan to the court (or otherwise respond) by 4-27-92; that Status Group J submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that Status Group L submit sufficient data to the court to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions disputing the jurisdiction of the court to hear this matter should file their objections by the same date; that all municipalities submit a plan to the court by 5-8-92; that Status Groups J & L submit sufficient data to allow pltfs to make a determination whether they oppose or support the jurisdiction's decision; that those jurisdictions which dispute |

**CONTINUED**

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1255-N |
|---|---|---|
| JOHN DILLARD | TOWN OF MARGARET | PAGE ___ OF ___ PAGES |

| DATE 1992 | NR. | PROCEEDINGS |
|---|---|---|
| Apr 9 | | **CONTINUED:** the jurisdiction of the court to hear this matter should file their objections by the same date; that pltfs will review the plans of jurisdictions within 30 days and shall inform the court of their support or opposition; that if pltfs inform the court of their support or non-opposition to the plan of a jurisdiction the court will consider the plan as having been submitted for approval; that if pltfs inform the court of the opposition to a plan, the court will set the matter for an individual determination as further set out; that all documents filed with court be served upon Edward Still, James Blacksher and Mort Ames; that within 10 days of the date of this order liaison counsel will notify deft jurisdictions which have not responded to the 1-27-92 court order that they must show cause why pltfs' motion for additional relief should not be granted. (Copies mailed to counsel.) EOD 4-9-92. |
| 9 | | **ORDER** that pltfs' motion to join Atty. Gen. as a deft is denied. (Copies mailed to counsel.) EOD 4-9-92. |
| May 8 | | Plaintiffs' objection to defendant's proposed plan. Referred to Judge Thompson. |
| 11 | | **ORDER** referring the issue of the continued use of the current districting plan proposed by defendant and all other related matters to U.S. Magistrate Judge Charles S. Coody. (Copies mailed to counsel.) |
| 14 | | Magistrate Judge Coody's **ORDER** that parties jointly notify the court when the issue(s) raised in plaintiffs' objections are ready for hearing or other appropriate proceedings. (Copies mailed to counsel.) |
| Sept 16 | | Parties' joint **motion** for approval of settlement. Referred to Judge Thompson. |
| 18 | | **ORDER** granting parties' joint motion for approval of settlement filed 9/16/92. (Copies mailed to cousnel.) EOD 9/18/92 |
| 18 | | **CONSENT DECREE** enjoining defendant, its agents, attorneys, employees and those acting in concert with them or at their discretion from conducting the elections for the municipal council under the plan used for prior elections; enjoining defendant, its agents, servants, employees, and those acting in concert with it to hold elections in accordance with the statutory schedule and in accordance with the substantive provisions of the plant submittef for approval; that this order may be modified at a later time if the jurisdiction does not receive final approval of its settlement proposal; assessing a fee of $1,830.00 against defendant as attorneys' fees a d expenses;that the court retains jurisdiction of this matter until 12/31/92. (Copies mailed to counsel.) EOD 9/18/92 |
| Dec. 30 | | Plaintiffs' **motion** for further relief; referred to Judge Thompson. GRANTED 1/25/93 |
| **1993** Jan. 5 | | **ORDER** that Town of Margaret show cause, in writing, by 1/19/93 why plaintiffs' motion for further relief should not be granted. (Copies mailed to counsel) |

DC 111A
(Rev. 1/75)

CIVIL DOCKET CONTINUATION SHEET

| PLAINTIFF | DEFENDANT | DOCKET NO. 87-T-1255-N |
|---|---|---|
| JOHN DILLARD | TOWN OF MARGARET | PAGE ___ OF ___ PAGES |

| 1993 DATE | NR. | PROCEEDINGS |
|---|---|---|
| Jan. 25 | | ORDER granting plaintiffs' motion for further relief; that defendant Town of Margaret obtain preclearance by 5/1/93; that defendant Town of Margaret inform the court and plaintiffs forthwith of any correspondence it has received or shall receive from the U. S. Dept. of Justice relating to preclearance; that paragraphs 8 and 10 of consent decree are abrogated; that court retains jurisdiction of this matter until further order of the court. (Copies mailed to counsel). |
| Feb. 22 | | Plaintiff's notice (letter form) of satisfaction of judgment of attorneys' fees; referred to Judge Thompson. |
| May 12 | | Defendant's motion for further relief (Exhibits A-E attached); referred to Judge Thompson. **GRANTED 5-14-93** |
| 14 | | ORDER granting defendant Town of Margaret's motion for further relief. (Copies Mailed to counsel). |
| June 18 | | Received copy of letter from U. S. Dept. of Justice to defendant re: preclearance. Referred to Judge Thompson. |